**CARUSO GLYNN, LLC**
Attorneys for Plaintiff
*Chubb Seguros Ecuador S.A.*
242-03 Northern Blvd.
Suite 201
Little Neck, N.Y. 11362
(718) 819-8667
Attorney: Lawrence C. Glynn (LG 6431)
CG File No.: 42.060820.01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CHUBB SEGUROS ECUADOR S.A.,
a/s/o EARTHFRUCITIFERA CIA. LTDA,               Case No.:   20 Civ.           (   )

        Plaintiff,

   -against-                                                       **VERIFIED COMPLAINT**

LAN CARGO S.A. and KUEHNE + NAGEL S.A.,

        Defendants.
---------------------------------------------------------------x

    Plaintiff, CHUBB SEGUROS ECUADOR S.A. ("CHUBB"), as subrogee of EARTHFRUCTIFERA CIA. LTDA, by its attorneys **CARUSO GLYNN, LLC**, complaining of the defendants LAN CARGO S.A. ("LAN") and KUEHNE + NAGEL S.A. ("KN"), alleges upon information and belief, as follows:

### Introduction

    1.    This case arises from the failure of LAN and KN to deliver in good actual order a shipment consisting of 1,440 cases of Pitahaya fruit (the "Shipment" or "Cargo") in international air transportation under Air Waybill 145-06652354 (the "Air Waybill").

**Parties**

2.      Plaintiff, CHUBB, was and now is a corporation or other business entity existing under and pursuant to foreign law with an office and place of business located at Torre IV, EKOPARK, Vía a Nayon Y, Av. Simón Bolívar, Quito 170516, Ecuador.

3.      Defendant, LAN was and now is a corporation or other business entity existing under and pursuant to foreign law with an office and place of business at 2100 NW 42nd Avenue, Miami, FL 33126.

4.      LAN was and still is doing business within the jurisdiction of this Honorable Court as a common carrier and/or bailee of merchandise that provides logistics, freight and shipping services to its customers.

5.      Defendant, KN was and now is a corporation or other business entity existing under and pursuant to foreign law with an office and place of business at 151-06 132nd Avenue, Jamaica, NY 11434.

6.      LAN was and still is doing business within the jurisdiction of this Honorable Court as a common carrier and/or bailee of merchandise that provides logistics, freight and shipping services to its customers.

**Jurisdiction**

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because CHUBB's claims arise under a treaty of the United States, *to wit*, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 199, S. Treaty Doc. No. 106-45 (hereinafter the "Montreal Convention").

**First Cause of Action**
**(Breach of Contract of Carriage)**

8. On or about March 2, 2019, EARTHFRUCTIFERA delivered to KN and LAN, for good and valuable consideration, the Shipment, in good order and condition and suitable in every respect for the intended transit for which KN and LAN received, accepted and agreed to transport by air, by its employees, agents or servants, from Quito, Ecuador to Miami, FL to be delivered to consignee EarthFructifera LLC.

9. Pursuant to the Air Waybill, the Cargo of fresh fruit was shipped as "RUSH" and "PERISHABLES."

10. The Shipment was scheduled to be leave Ecuador on March 3, 2019 and to be received in Miami that same day.

11. However, the Shipment did not leave Ecuador until March 6, 2019, despite that it was shipped as "RUSH" and "PERISHABLES."

12. Due to the delay, the Shipment suffered variations in temperature during the air transport process which led to spoilage, rotting, decay, damage and depreciation, and was rendered unfit for human consumption.

13. The damage to the cargo in suit was caused in whole or in part by defendants' fundamental breaches of, and deviations from, the terms of the governing contracts of carriage.

14. Said breaches and deviations included (a) defendants' failure to deliver the cargo as scheduled to EARTHFRUCTIFERA LLC and/or its designated consignee(s); (b) the failure to properly care for the cargo between the time of receipt of the cargo at the place of shipment and the time of eventual delivery, and (c) the eventual delivery of the cargo in a damaged and depreciated condition.

15. By reason of the premises, the above named defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

16. Plaintiff was the shipper, consignee, owner, or underwriter of the cargo, and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

17. Plaintiff has duly performed all duties and obligations on its part to be performed.

18. By reason of the premises, CHUBB, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $35,000.00.

## Second Cause of Action
### (Bailment)

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" as though more fully set forth herein at length.

20. At all times relevant, LAN and KN were acting as bailees of the Shipment at the time it was damaged.

21. LAN and KN and/or their contractors, agents, servants or sub-bailees, had a legal duty to deliver the Shipment in good order and perform its services in a proper and workmanlike manner.

22. LAN and KN breached those bailment obligations by failing to transport the Shipment in a timely manner, despite notice that the Shipment was "PERISHABLES" and to be shipped as "RUSH."

23. As a result of the breaches of defendants' bailment obligations, the Cargo suffered spoilage, rotting, decay, damage and depreciation, and was rendered unfit for human consumption.

24. By reason of the premises, plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $35,000.00.

### Third Cause of Action
### (Negligence)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" as though more fully set forth herein at length.

26. LAN and KN had a duty to follow the directives of the Air Waybill and transport these "PERISHABLES" on a "RUSH" basis.

27. LAN and KN breached this duty by failing to adequately expedite this shipment.

28. Thereafter, the said defendants delivered the Shipment, however after an extended delay.

29. As a result of the negligent, careless and reckless conduct aforesaid, the Cargo suffered spoilage, rotting, decay, damage and depreciation, and was rendered unfit for human consumption.

30. Said loss and damage was the result of defendants' wanton neglect, recklessness, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, rail operators, rail maintenance personnel, terminal operators, truck drivers, warehousemen, ground-handling agents, and employees failed to properly receive, handle, store, stow, carry, transfer, route, protect and care for the cargo and in that defendants had no proper and effective procedures to receive, handle, store, stow, carry, transfer, route, protect and care for the cargo.

31. By reason of the premises, the above named defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

32.     Plaintiff was the shipper, consignee, owner, or underwriter of the cargo, and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

33.     Plaintiff has duly performed all duties and obligations on its part to be performed.

34.     By reason of the premises, plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $35,000.00.

WHEREFORE, plaintiff requests:

(a)     That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

(b)     That judgment may be entered in favor of Plaintiff against Defendants on the First, Second and Third Causes of Action for the amount of $35,000.00, and

(c)     That this Court will grant to Plaintiff such other and further relief as may be just and proper, including an award of prejudgment interest and costs.

Dated:  New York, New York
        June 17, 2020

                              Yours, etc.,

                              **CARUSO GLYNN, LLC**
                              Attorneys for Plaintiff
                              *Chubb Seguros Ecuador S.A.*

                        By:   *Lawrence C. Glynn*
                              Lawrence C. Glynn
                              242-03 Northern Blvd.
                              Suite 201
                              Little Neck, New York 11362
                              (718) 819-8667
                              File No.:   42.060820.01

6

## VERIFICATION

LAWRENCE C. GLYNN, under the penalties of perjury, hereby affirms:

That he is an attorney admitted to practice before the Courts of this State and is a member of the firm of **CARUSO GLYNN, LLC**, attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the maters set forth in the Verified Complaint in the possession of deponent.

Dated: Little Neck, New York
       June 17, 2020

*Lawrence C. Glynn*
Lawrence C. Glynn